The next case we are going to hear is Avery v. Andrews and Mr. Sadie. May it please the court, Steve Sadie for Steve Avery. This case involves the construction of a statute designed to give sentencing judges a second look at the sentences they impose when extraordinary and compelling reasons, such as terminal illness, warrant a sentence reduction. The court should hold that the Bureau of Prisons, by itself making the sentence reduction decision, exceeded its statutory authority by depriving the sentencing judge of the judicial role of deciding the length of the sentence. In this case, under the statute could you repeat that? You're saying that the Bureau of Prisons is depriving the judge of his discretion? Yes, of the opportunity to exercise the discretion. Well, where do you get the Bureau of Prisons in that statute has to do anything. I get it. It says on motion of the BOP. Yes. That's it. That's the only statutory regulation in that provision. I But that all regulates the judge, how the judge conducts himself on that review. But the judge doesn't even get that review until he gets a motion from the Bureau of Prisons. Not according to the rules of statutory construction articulated by Justice Scalia in Setzer and in chief by Chief Justice Roberts in Dean. There's a very critical rule of statutory construction that directly applies and that limits what the Bureau of Prisons can do in this case. Setzer is totally inapplicable, right? Because the point of Setzler is that there's no mention. I mean, the whole holding of Setzler, there's no mention of the Bureau in that statute at all. The Bureau of Prisons. There's no reference to the Bureau of Prisons at all, right? There's no reference. The statute in that case gave to the sentencing judge the decision about making concurrency and consecutive decisions. Without reference to the Bureau of Prisons. There's no reference in that statute to the Bureau of Prisons, correct? The Bureau of Prisons asserted that under 3621B, they were given that authority. Why don't you give me that? No, but that statute itself doesn't reference the Bureau of Prisons having any role in that particular statute. That is correct, right? In contrast to this statute, which does, right? It says upon motion of the BOP. And the question becomes, what is the role of the BOP? And that is what has not been. To make a motion. To make a motion, but when? It's not the same language as 4205 that says at any time. That's not what it says here. It says that upon motion. So when do they get to make a motion? And that has been delegated. You want us to decide when they make it? No, I want you to decide that when there is an express delegation to the sentencing judge to make the decision about what constitutes extraordinary and compelling reasons. That when those two express delegations occur, there is no implicit silent delegation to the Bureau of Prisons to make a substantive decision. Where is the statutory authorization for the Bureau of Prisons to define extraordinary and compelling reasons? That's the whole point of the problem. It's silenced. No, it's not silenced. It says upon motion of the Bureau of Prisons, and the Bureau of Prisons makes that decision. The statute regulates the court after it gets a motion from the Bureau of Prisons. In other words, it's a gateway condition. It's a gateway condition, but with application of express delegations, there is no delegation. I don't understand what that means. The application of express delegations. There's an express delegation to the sentencing judge to decide whether it should be granted. That inferentially says there is... It's only without a motion. It is not delegated to him. You agree without a motion, the sentencing court cannot do what the rest of the statute provides. If the Bureau of Prisons is following their statutory obligation, which is when there is extraordinary and compelling reasons, and here they are agreeing that that exists, the predicate exists. Where the predicate exists, they have only a gatekeeping duty. They have an important function. That function is to make a determination whether the conditions outlined in the application of 1B1.13 exist, because that's where the express delegation was. The sentencing commission binds the Bureau of Prisons. Yes, because Congress said so in 994T. When Congress said it's in 994A2 and in 994T... The language is in 994T. It says that the sentencing commission shall provide the criteria and examples of extraordinary and compelling reasons. For what? There is no limitation. It is for all purposes. But the district court to exercise... What the sentencing commission is doing is telling the district court, this is our guidance to you as a district court, not telling the Bureau of Prisons. In fact, what it says, the sentencing commission itself is very clear. It says, we would encourage BOP to do this, because they acknowledge they have no control over BOP at all. They only do because there's judicial review, and there is judicial review because this is not an unreviewable decision. It's a decision where there are standards. How can extraordinary and compelling reasons be defined according to statute by the body that was delegated to do it, and then have an entirely different extraordinary and compelling reasons? Does the Bureau of Prisons, can they define it as... That means the only person who's required to find extraordinary and compelling reasons is the district court. No. They only decide whether the extraordinary and compelling reasons warrant a sentence reduction. The job of finding extraordinary and compelling reasons is the job of the Bureau of Prisons, and they should do that, and they did it right here. Well, it strikes me that this is somewhat analogous to a Rule 35 or 5K1. The district judge can't order the government to make that motion. It's entirely within their discretion. It's the same thing here, isn't it? No, it's not, because there is a set of rules. There are rules that are set out, objective criteria. The objective criteria in 1B1.13, the Bureau of Prisons either follows it or it doesn't. If it doesn't, it is subject to administrative remedy. If they don't, it's subject to review by the court to decide. If extraordinary and compelling reasons exist, the only, by process of elimination, where there is a delegation to the sentencing judge to decide sentence reduction, and a delegation to the sentencing commission to define what constitutes, the only thing left is for the Bureau of Prisons to do the administerial role of giving the judge the opportunity to make the decision, and when they don't  Can you go back to Judge Niemeyer's question and sort of answer it specifically, right? What are you pointing to, what language in a statute are you pointing to, to suggest, give me the best you've got, that the sentencing commission is empowered to bind the Bureau of Prisons? When, by the way, the sentencing commission can't bind anybody anymore, I think, but what is the statute or language that you say permits, even assuming your argument on this, permits the sentencing commission to bind the Bureau of Prisons? The guiding statutes, the sentencing statutes, order the sentencing commission to define a term. The terms of a statute... Right, but that's not the question. The question is, what statute requires the BOP to follow the sentencing commission's views? By process of elimination, that is the only thing left for them to do. If the sentencing commission has defined the term... By process of elimination, I take that to mean there is nothing, right? Because what you're saying is, we should infer it, but what I'm trying to ask you is, what is it? And you say, well, you only get there by process of elimination. That suggests to me that you don't have anything for that question. What I would ask you to look to is, is there any delegation to the Bureau of Prisons of a power to reduce the sentence? The answer is no. And then you look at their administrative decision, we are denying a sentence reduction. How do you let an administrative agency operate outside the law when Congress, this is about Congress, they created a statute. They said, here's the terms. They said, this is a term that needs to be defined and it needs to be provided examples. This is the agency we are asking to do that. Once that happens, there's nothing left for the Bureau of Prisons to say, oh, we decided that extraordinary and compelling reasons should mean something entirely different. That is outside the law. That is unlawful activity. And this is the most serious... I don't read, I'm just reading the, I guess we're reading the same statute, but I'm looking at 3582C and I'm reading that Congress is regulating what the court may do. It says the court may reduce the term of imprisonment, et cetera, on those conditions you're talking about. But it says it may act in that area only upon motion of the director of the Bureau of Prisons. It doesn't say the Bureau of Prisons has to make such a motion or has to be guided by those criteria. It says the court is a subject, may reduce the term of imprisonment. I think the basic flaw is that you're looking at a phrase outside the context of the surrounding statute. I've read the whole statute. I've got the whole thing right here and you can point to me language. You sort of keep ducking my question. Where is the statutory language that Congress imposed a duty on the Bureau of Prisons to make a motion under any criteria? They said the district court may reduce a sentence on those criteria you've outlined, but it doesn't give that court authority to do that unless the Bureau of Prisons starts with a motion. Starts the process. To have a statute that is operating by rules that everybody can understand. What do you mean? What rules? The rules of what constitutes extraordinary and compelling reasons. Once you- I'm reading the statute, but we're not talking about what constitutes it. We're talking about who exercises that authority. And the statute gives it to the district court. There is no language that gives it to the Bureau of Prisons to decide whether it says the district court may reduce a sentence. It doesn't say the Bureau of Prisons may reduce a sentence. It says that the district court has that power. If that power- But that power is conditional. That power is- It cannot be exercised unless it has a motion from the BOP. And the BOP can only- the only function in that statute is to make a determination, do the conditions exist that trigger the discretion? What language are you relying on? I'm relying on the- there's nothing there that says that the district court makes a No, no, that's absolutely false. It says the court may reduce if it, the court, finds extraordinarily compelling reasons. Warrant the sentence reduction. Finish the sentence. It says warrant the sentence reduction. That's- Which means they first find that there are extraordinary compelling reasons. That the Bureau of Prisons has certified and filed a motion. Because how else does it get to the district judge's attention unless there is a finding by the perfectly appropriate reasons that the Bureau of Prisons can say. I know that- It says unless the court finds. The language of the statute says unless the court finds these things. Unless the court finds that it warrants. So the assumption from the statute is that there is a- No, no, that warrant, all of that is modifying the very first sentence. Court may reduce the term of imprisonment. Yes, indeed. And not the Bureau of Prisons- And it says if it finds that such reduction is warranted by, boom, boom, boom. If they- We're just talking about straightforward language. It's not ambiguous. It's straightforward because a statutory language that's defined within the statute, and Congress has told us how it should be defined, cannot be defined in a manner that is outside the basic administrative law. If this was any other type of control from an administrative- Well, if you wanted to bring a case against the agency as an administrative agency, you'd have to go under the APA, right? I think under the APA, this is exactly why, one of the reasons this is reviewable, because this is outside the scope of what they're permitted to do. Except the APA says it's not reviewable under 701A. No, they don't. They say that it is review, agency action is reviewable, and it's only under very, very- There could be many types of discretion, but as long as there are objective standards to measure that against, and here we have the definition of extraordinary and compelling reasons that- Well, you didn't bring it under the APA, and I don't think you'd succeed, but you didn't bring it under the APA against- We cited to the- You brought it under a habeas provision against the court. Yes, because under habeas, if you're in custody in violation of the laws and constitution of the United States, you have jurisdiction, and APA is one of the laws of the United States. But the violation that you're- Actually, maybe I want to make sure I understand this. 2241C3, violation of the law, right? That's what you're saying. The law that you're claiming the violation of is this 3582C. Yes. In addition to the APA, which also provides standards for review, and the- In addition to the APA. When I read the 2241 below, I don't see that in your 2241 petition. Can you tell me where in the record your reference to the incorporation of the APA arguments are in your 2241 motion? I can provide that to you by letter, Your Honor. But I believe that the point of the APA is that unless there is an express delegation and a delegation, and there's a violation of a delegation, and here the statute says, here is the standards you're supposed to apply, they're not applying those standards. What statute? You keep referring to things, you're referring to 3582? Yes. It doesn't tell the Bureau of Prisons they have to follow that. It defines a term. It defines a term. And once that term is defined- It doesn't define a term. It says the court may reduce a sentence if it finds certain facts. If it finds that those facts warrant a sentence reduction, the facts- Now, what's that got to do with the Bureau of Prisons? Because the Bureau of Prisons is the one that determines whether the standards that are set by the Sentencing Commission have been met. Here, they've been met, and then they refuse to file a sentencing, in effect, refusing to denying a sentence reduction, which is a power that was conferred on the judge and by taking that power, they're violating the separation of powers and using executive sentencing, which as Justice Scalia said in Setzer, is inappropriate. All right. I think you've got some rebuttal. Thank you. Thank you. Michael Lockridge. May it please the court, Michael Lockridge for Warden Andrews, the appellee. The statute here, 3582C1A, plainly precludes judicial review of the BOP's decision not to file a motion for a reduction in sentence. How do we know this? 3582C itself states that a court may not modify a term of imprisonment except as the statute permits. C1A goes on to say that the court, upon motion of the Director of the Bureau of Prisons, may consider a term of imprisonment to reduce that sentence. However, the court's authority, as this court's line of questioning went, the court's authority is contingent on the BOP Director filing that motion. Here the BOP Director didn't do it, so the court had no authority. And C1A plainly also confers broad discretion on the Bureau of Prisons, and that discretion is to such an extent that it is unreviewable. There's no requirements under the statute, under C1A, that the BOP do anything, whether to file a motion, neither does the statute put any constraints on the BOP's decision. It doesn't tell the BOP what it has to do, what it has to consider. It doesn't say that the BOP has to file a motion if it finds extraordinary and compelling circumstances. The statute, the statutory language regarding extraordinary and compelling circumstances only comes into play after the BOP Director files that motion. As this court recognized in its line of questioning, the statute says if the court finds extraordinary and compelling circumstances, that language only comes into play after the BOP's motion has been filed. In the appellant's brief, they argued the BOP's discretion is ministerial only, and that it must indeed file a motion if it finds those circumstances exist. However, nothing in the statute says that. Without any directive to the BOP to do anything, this court has no authority to review the BOP's decision. We also contend that the BOP, the petition in this case filed under 2241 is not the right mechanism to seek relief. 3582C provides that the sentence reduction authority lies in the sentencing court, and that court in this case is the District of Oregon. Mr. Avery filed his petition for relief in the District of North Carolina where he is currently confined. We contend that 2241 is not the appropriate avenue for relief, even if the BOP did file that motion. I think the court's line of questioning addressed most of the issues I was going to discuss unless the court has further questions. Thank you, Mr. Lockridge. Thank you. Mr. Sadie, I just quickly glanced through your petition. I didn't see it. I think you're correct, Your Honor. I did also. APA. I didn't see it. Yes. The government raises the question about where this should be filed, and there's 2241. This is not a challenge to either the conviction or to the sentence. It is only to the execution of the sentence, therefore it's properly brought in. Help me understand that. In your petition below, the remedies that you suggest, the best I can tell, that what you ask the court to do, other than what justice requires, is to order the BOP to file the motion or order the District of Oregon to consider a request without a motion. That's exactly right. That's completely within the broad equitable powers under the habeas corpus writ. Those are the two remedies. One of those two is what you're asking. Yes. What we're saying is that the court should have the opportunity to consider where there's no question that extraordinary and compelling reasons exist. The finding of the Bureau of Prisons is that there's the terminal illness, he's dying, and that he meets their criteria, even though their criteria differs from what the Sentencing Commission says. The differences between those two rules, not important on that aspect. He does have extraordinary and compelling reasons. He's dying of prostate cancer. The question whether he should go home is one that we see as very clearly delegated to the sentencing judge only. The questions that the Bureau of Prisons considers about the type of offense and the dangerousness, those are all considerations that are 3553A, and they're specifically delegated in the statute to the sentencing judge. When they're using those for making the decision, they are usurping the role of the judge in making those decisions. We know that specifically- How does the district court act under your argument? The district court says, I'm sitting here, I have to construe this 3582 to determine whether those conditions are satisfied, and whether I reduce the sentence. But I also have a requirement to have a motion from the Bureau of Prisons, and I don't have that yet. So what does the district court, does he have power over the Bureau of Prisons? No, that's why the habeas court does have power, and that's why this court has the authority for the remedy. Over the Bureau of Prisons? Yes, absolutely. If an executive agency is acting beyond the law- I can tell, a court can tell them to release the person, but it seems to me that the only authorization for release would be 3582C, which would be a determination by a district court made on a motion. Now they don't have them, the court sits there and says, well, I agree with you. This guy should be out. I disagree with the Bureau of Prisons, but I don't have a motion from the Bureau of Prisons, and I can't act. So if the Bureau of Prisons said, everybody with brown hair, we're not going to give any motions. And if the court reviewing says, no, you know, that's really illegal, you can't do that. That's too arbitrary. We are going to give a judicial review. The remedy then, if there is a violation of the law, this court gets to formulate an equitable remedy. And the equitable remedy here would be, look, if he's got all those factors, let the sentencing judge make the decision. Whether it goes through the process of where the motion is being withheld for an improper reason, then you can either send it back and say, look, do this right, or you can say we're going to skip that step because the man is dying and every day matters. We're going to send it right to the judge, because you've already found that the extraordinary and compelling reasons exist. Now it's up to the district court judge to find out whether those extraordinary, compelling reasons, whether those are found to warrant the sentence reduction. And it's only the job of the judiciary to make that kind of decision. Let me ask you another little twist. In this case, the Bureau of Prisons concluded that they also have to take into account public safety and recidivism and all the other things. And they have reviewed this man's record both inside prison and outside and said his record is terrible. And say, therefore, that overbalances the fact that he's terminally ill. And so they say, we conclude that he would be a risk to society. And so now as a district judge, what does the district judge do in that with respect to that finding by the Bureau of Prisons? The court disregards it because it's beyond the scope of the statute. So it disregards what the Bureau of Prisons did, but it doesn't even have a motion from I don't know what kind of procedural world you're going to have the district court operate under, but the statute says, I need a motion from the Bureau of Prisons. And you're sort of saying that district court should impose on the Bureau of Prisons some kind of standards that are contained in the statute. No, what you should do is the same thing that Chief Justice Roberts said in Dean, where there's an express delegation to the judge to decide the 3553A factors, which are all those kinds of factors about the background. But how do you satisfy, you never answer my question, how do you satisfy the requirement that there be a motion from the Bureau of Prisons? Because you compel the Bureau of Prisons to follow the law. The law is where the extraordinary and compelling reasons exist. That's the trigger. Was that a mandamus? You issue a mandamus writ or what? No, if the Bureau of Prisons is not following the law, you issue the writ of habeas corpus. Well, who said they're not following the law? They made a determination that appears to be totally legal under their own assessment. It's not legal under the standards in the statute because the statute have given the jobs, the express delegations to other parties, and then they are taking it upon themselves to take the judicial function of whether to deny the motion and the Congress's delegation to the sentencing commission to decide what the definition of extraordinary and compelling reasons are. Okay, thank you. Thank you. Yes, sir. We'll come down and greet counsel and take a short recess. This honorable court will take a brief recess.
judges: Paul V. Niemeyer, Henry F. Floyd, Julius N. Richardson